THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGRETTY RABANG, *et al.*, | CASE NO. C17-0088-JCC |
| Plaintiffs, | MINUTE ORDER |
| v. | |
| ROBERT KELLY, JR., *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendant Raymond Dodge's motion to dismiss (Dkt. No. 30). Mr. Dodge argues that he is entitled to judicial immunity for his orders issued as a tribal court judge. (*Id.* at 3–6.) Plaintiffs counter that Mr. Dodge acted in a clear absence of jurisdiction, and therefore is not entitled to judicial immunity. (Dkt. No. 46 at 4–5.)

"[W]hen a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction, judicial immunity is lost." *Rankin v. Howard*, 633 F.2d 844, 849 (9th Cir. 1980), *overruled on other ground by Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986). Plaintiffs contend that a Department of the Interior (DOI) decision invalidating Mr. Dodge's orders demonstrates he had actual knowledge he lacked jurisdiction. (Dkt. No. 46 at 4–5.) However, it is undisputed that this DOI decision was issued

*after* Mr. Dodge issued the orders in dispute in this case. (*See* Dkt. No. 7 at ¶¶ 67–69.) Therefore, the question is whether the October 17, 2016 DOI decision issued to Defendant Kelly and the alleged Holdover Council Defendants, but not Mr. Dodge, (Dkt. No. 7 at ¶ 50), rises to the level of "clearly valid statutes or case law expressly depriving" Mr. Dodge of jurisdiction. The parties have not fully briefed this issue for the Court.

Therefore, the Court ORDERS supplemental briefing on this issue. The parties must submit briefing on whether an agency decision, such as the DOI's decision issued on October 17, 2016, rises to the level of clearly valid statues or case law that would have expressly deprived Mr. Dodge of jurisdiction. Mr. Dodge's briefing is due Friday, April 14, 2017. Plaintiffs' response, if any, is due Wednesday, April 19, 2017. Both supplemental briefings shall be limited to 5 double-spaced pages. The Clerk is directed to RENOTE the motion to dismiss (Dkt. No. 30) for April 19, 2017.

DATED this 4th day of April 2017.

William M. McCool<br>
Clerk of Court<br>
<br>
s/Paula McNabb<br>
Deputy Clerk