UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGRETTY RABANG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT KELLY, JR., *et al.*, <br><br> Defendants. | CASE NO. C17-0088-JCC <br><br> ORDER GRANTING DEFENDANT DODGE'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Raymond Dodge's motion to dismiss (Dkt. No. 30). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

The Court has enumerated the facts of this case, in detail, in a previous order. (*See* Dkt. No. 62 at 1–6.) In short, the holdover council Defendants[1] appointed Defendant Dodge to the Nooksack Tribal Court as Chief Judge on June 13, 2016. (Dkt. No. 7 at ¶ 39.) At that time, the holdover council Defendants lacked a quorum. (*Id.*) After Defendant Dodge's appointment, the Department of the Interior (DOI) issued three decisions invalidating any actions taken by the

---

[1] The Court adopts this term, holdover council Defendants, for clarity, not as an expression of the Council's validity.

holdover council Defendants after March 24, 2016.[2] (*Id.* at ¶¶ 50, 56, 69.)

Plaintiffs allege Defendant Dodge's actions as Chief Judge, including issuing eviction orders by mail, violated the Racketeer Influenced and Corrupt Organizations Act (RICO). (*See generally id.*) Defendant Dodge moves to dismiss all claims against him because he has absolute immunity for actions taken in his judicial capacity. (Dkt. No. 30 at 3–6.) Plaintiffs contend Defendant Dodge is not a judge because the DOI decisions invalidated his appointment, and he is therefore not entitled to invoke judicial immunity. (Dkt. No. 46 at 1.)

In general, judges are "not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (internal quotations omitted). However, "when a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction, judicial immunity is lost." *Rankin v. Howard*, 633 F.2d 844, 849 (9th Cir. 1980) *overruled on other grounds by Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986).

Here, Plaintiffs have not alleged in their complaint that Defendant Dodge had actual knowledge of the DOI decisions invalidating his appointment. Therefore, judicial immunity in this case turns on whether the DOI decisions rise to the level of clearly valid statutes or case law. The Court called for supplemental briefing on this issue. (Dkt. No. 55.)

Plaintiffs argue the DOI decisions are final agency actions and have the same force as clearly valid federal statutes. (Dkt. No. 59 at 2–4.) However, assuming without deciding the DOI decisions are final agency actions, the original briefing and the supplemental briefing provide no authority that discusses the judicial immunity exceptions in the context of federal agency decisions. The Supreme Court has narrowly construed the exceptions to absolute judicial immunity. *See, e.g.*, *Stump*, 435 U.S. at 357–360; *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967);

---

[2] The Court expresses no opinion as to the validity of the DOI decisions at this time. The Court's reference to these DOI letters as "decisions" does not express an opinion on whether these letters are "final agency decisions."

*Bradley v. Fisher*, 80 U.S. 335, 347 (1872). Guided by this narrow construction and without authority that supports the analogy that final agency decisions rise to the level of clearly established case law and statutes, the Court declines to adopt this analogy.[3] Therefore, Defendant Dodge is entitled to judicial immunity because on this record and these arguments, Plaintiffs have not demonstrated that the exceptions to absolute immunity are met.

For the foregoing reasons, Defendant Dodge's motion to dismiss (Dkt. No. 30) is GRANTED. However, the Court GRANTS Plaintiffs leave to amend the complaint[4] because dismissal with prejudice is "improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). If Plaintiffs choose to amend their complaint, they must do so within 14 days. If no amendment is filed, the claims will be DISMISSED with prejudice.

DATED this 2nd day of May 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] This holding has no effect on the Court's previous decision finding subject matter jurisdiction by adopting the DOI decisions. (*See* Dkt. No. 62 at 10–12.) Whether or not DOI decisions, final or not final, reach the level of clearly established case law or statutes was not relevant to that analysis.

[4] Plaintiffs request limited discovery to determine whether this Court possesses jurisdiction. (Dkt. No. 59 at 4–5.) However, leave to amend is more appropriate at this stage of the proceedings.

ORDER GRANTING DEFENDANT DODGE'S
MOTION TO DISMISS
PAGE - 3