THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

MARGRETTY RABANG, *et al.*,

        Plaintiffs,

     v.

ROBERT KELLY, JR., *et al.*,

        Defendants.

Case No.  2:17-cv-00088-JCC

**PLAINTIFFS' MOTION TO DENY OR CONTINUE DEFENDANT DODGE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(d)**

NOTE FOR MOTION CALENDAR:
June 23, 2017

Pursuant to Fed. R. Civ. P. 56(d), Plaintiffs request that this Court either deny or continue Defendant Dodge's premature motion for summary judgment, Dkt. # 66, in order to allow Plaintiffs to discover facts necessary to justify their opposition.  Defendant Dodge has moved for summary judgment before any document discovery requests have been served and before any depositions have been taken.  Without discovery, Plaintiffs cannot gather and present evidence essential to prove their claims against Defendant Dodge and justify their opposition to his summary judgment motion.

## I.    BACKGROUND

Plaintiffs filed their Amended Complaint on February 2, 2017.  Dkt. # 7.  The next day, the Court set an initial Status Conference for May 2, 2017.  Dkt. # 4.  Defendant Dodge moved to dismiss pursuant to Rules 12(b)(1) and (6) on February 27, 2017.  Dkt. # 30.  Defendants Kelly, George, Smith, Solomon, Johnson, Canete, King George, Romero, Edwards and Armstrong

PLAINTIFFS' MOTION TO DENY OR CONTINUE DEFENDANT
DODGE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FED. R. CIV. P. 56(d) (2:17-cv-00088-JCC) - 1

**GALANDA BROADMAN PLLC**
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

likewise moved to dismiss pursuant to Rules 12(b)(1) and (6) on March 2, 2017.  Dkt. # 34.  The Court rescheduled the Status Conference for June 13, 2017, on April 24, 2017.  Dkt. # 60.  The Court granted in part and denied in part Defendants Kelly, George, Smith, Solomon, Johnson, Canete, King George, Romero, Edwards and Armstrong's motion to dismiss on April 26, 2017.  Dkt. # 62.  The Court granted Defendant Dodge's motion to dismiss, without prejudice, allowing Plaintiffs leave to file a second amended complaint on May 2, 2017.  Dkt. # 63.  The next day, Plaintiffs filed their Second Amended Complaint.  Dkt. # 64.

Defendant Dodge filed a motion for summary judgment on May 17, 2017.  Dkt. # 66.  The Defendants Kelly, George, Smith, Solomon, Johnson, Canete, King George, Romero, Edwards and Armstrong filed their Notice of Appeal of this Court's April 26, 2017 Order on May 17, 2017.  Dkt. # 69.

On May 22, 2017, counsel for Plaintiffs and Defendant Dodge conferred by phone pursuant to Rule 26(f) to discuss their plan for discovery, among other matters.  Declaration of Gabriel S. Galanda in Support of Plaintiffs' Motion to Deny or Continue Defendant Dodge's Motion for Summary Judgment Pursuant to Rule 56(d) ("Galanda Decl."), ¶5.  The Status Conference remains scheduled for June 13, 2017.

## II.   ARGUMENT

Defendant Dodge's summary judgment motion is premature because he filed it before adequate time for discovery has passed.  Defendant Dodge has ignored the general rule that summary judgment is premature unless all parties have had a full opportunity to conduct discovery.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).  Due process requires courts to "afford the parties a full opportunity to present their respective cases" before ruling on

PLAINTIFFS' MOTION TO DENY OR CONTINUE DEFENDANT
DODGE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FED. R. CIV. P. 56(d) (2:17-cv-00088-JCC) - 2

GALANDA BROADMAN PLLC
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

the merits.  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (citation and quotation marks omitted).

Rule 56(d) prevents a non-moving party from being "railroaded" into summary judgment by a "premature motion."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).  When faced with a premature motion, the non-moving party must (1) file an affidavit under Rule 56(d) that sets forth the specific facts it hopes to elicit from further discovery; (2) show that those facts exist; and (3) explain why those facts are essential to resisting the motion for summary judgment.  *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).  Here, Plaintiffs have clearly met this burden.

Defendant Dodge argues, for instance, that he is entitled to judicial immunity because he did not possess "actual knowledge" of the Roberts Decisions prior to acting in furtherance of Defendants' scheme to defraud Plaintiffs.  Dkt. # 66 at 14.  However, Defendant Dodge's subjective knowledge is "a question of fact subject to demonstration in the usual ways." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).  He may not, in other words, "prevail simply by professing [he] was unaware" of the Roberts Decisions.  *Estate of Hill v. Richards*, 525 F. Supp. 2d 1076, 1084 (W.D. Wis. 2007).  Plaintiffs must be given "the opportunity to prove that defendant's ignorance is feigned, as in any other case in which a defendant's mental state is at issue."  *Id.*   It is expected that document discovery, deposition testimony[1] and other "circumstantial evidence"—*i.e.* non-privileged notes and conversations amongst co-Defendants—will prove that Defendant Dodge's ignorance is contrived.[2]  *Farmer*, 511 U.S. at 842; Galanda Decl., ¶ 2.a.

---

[1] Defendant Dodge's assertion, for instance, that he "assumed" the Roberts Decisions "did not apply to him" because they "referred only actions taken by the Tribal Council" will not withstand scrutiny under oath.  Dkt. # 66, at 7 (citation and emphasis omitted).  The Roberts Decisions made clear that any action taken by the Holdover Defendants after March 24, 2016—including the purported appointment of Defendant Dodge to any Nooksack governmental office—were invalid and unlawful.

[2] As suggested in Plaintiffs' Response to Defendant Dodge's Motion for Summary Judgment, Dkt. # 71, this is largely beside the point since the extent of Defendant Dodge's subjective knowledge is a pure question of fact that in and of itself precludes summary judgment.  *See Jiminez v. Dreis & Krump Mfg. Co.*, 736 F.2d 51, 56 (2d Cir. 1984)

PLAINTIFFS' MOTION TO DENY OR CONTINUE DEFENDANT
DODGE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FED. R. CIV. P. 56(d) (2:17-cv-00088-JCC) - 3

**GALANDA BROADMAN PLLC**
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

Numerous other issues of fact asserted by Defendant Dodge that are essential to resisting summary judgment exist as well. Plaintiffs are entitled to discovery on at least his following factual assertions, which Plaintiffs believe will be controverted by the evidence produced:

- Defendant Dodge and his alleged "Nooksack Tribal Court" do not "exist[] and function[] separate and apart from" the Holdover Council Defendants. Dkt. # 66 at 3; Galanda Decl., ¶ 2.b. Just the opposite—they acted in concert to defraud Plaintiffs.

- Defendant Dodge was not "appointed as Chief Judge" of any Nooksack office "effective June 27, 2016," because the Holdover Council Defendants had no authority to make appointments after March 24, 2016. Dkt. # 66, at 3; Galanda Decl., ¶ 2.c. Defendant Dodge was aware of this lack of authority.

- Defendant Dodge did have "advance notice of which pleadings and other documents are rejected" by Ms. Leathers and—regardless of whether he "had the authority" to do so— advised and directed her to reject numerous documents, in his respective roles as a Senior Tribal Attorney and purported "Chief Judge" for the Holdover Council Defendants. Dkt. # 66, at 3; Galanda Decl., ¶ 2.d.

- Defendant Dodge has issued "eviction orders" based on, and in furtherance of, his and his co-RICO Defendants' efforts to disenroll, subjugate, and defraud Plaintiffs. Dkt. # 66, at 4; Galanda Decl., ¶ 2.e.

- Defendant Dodge planned and organized the eviction of Plaintiffs Oshiro and Rabang, as well as his "appointment to the Court," to administer the fraudulent scheme. Dkt. # 66, at 4-6; Galanda Decl., ¶ 2.f; *cf.* Dkt. # 66, at 21 (Defendant Dodge "specifically attests that he had no intent to defraud the Plaintiffs of anything").[3]

### III.    CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Rule 56(d) motion, and deny or continue Defendant Dodge's motion for summary judgment so that they may conduct discovery on the issues identified above.

A Proposed Order accompanies this Motion.

---

(reversing summary judgment where the "extent of appellant's knowledge presented a question of fact which made summary judgment inappropriate").

[3] Again, as with subjective knowledge of the Roberts Decisions, Defendant Dodge's intent is a pure question of fact that cannot be determined at the summary judgment stage. *See In re LLS Am., LLC*, No. 09-6194, 2013 WL 3305393, at *10 (E.D. Wash. Jul. 1, 2013) ("Direct proof of fraudulent intent is rarely available and generally subjective intent cannot be determined in the context of a summary judgment motion.").

PLAINTIFFS' MOTION TO DENY OR CONTINUE DEFENDANT
DODGE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FED. R. CIV. P. 56(d) (2:17-cv-00088-JCC) - 4

**GALANDA BROADMAN PLLC**
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

1    DATED this 6th day of June, 2017.

2                                              GALANDA BROADMAN PLLC

3                                              /s/ Gabriel S. Galanda_____
                                               /s/ Anthony S. Broadman_____
4                                              /s/ Ryan D. Dreveskraccht_____
                                               /s/ Bree R. Black Horse_____
5                                              Gabriel S. Galanda, WSBA #30331
                                               Anthony S. Broadman, WSBA #39508
6                                              Ryan D. Dreveskracht, WSBA #42593
                                               Bree R. Black Horse, WSBA #47803
7                                              P.O. Box 15416
                                               8606 35th Avenue NE, Suite L1
8                                              Seattle, WA 98115
                                               PH: 206-557-7509
9                                              FX: 206-299-7690
                                               gabe@galandabroadman.com
10                                             anthony@galandabroadman.com
                                               ryan@galandabroadman.com
11                                             bree@galandabroadman.com

12                                             Attorneys for Plaintiffs

    A.
13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFFS' MOTION TO DENY OR CONTINUE DEFENDANT
DODGE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FED. R. CIV. P. 56(d) (2:17-cv-00088-JCC) - 5

GALANDA BROADMAN PLLC
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509