
THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGRETTY RABANG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT KELLY, JR., *et al.*, <br><br> Defendants. | CASE NO. C17-0088-JCC <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO CONTINUE |

This matter comes before the Court on Plaintiffs' motion to continue (Dkt. No. 75) Defendant Dodge's motion for summary judgment (Dkt. No. 66). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

The underlying facts of this case have been detailed in previous orders. (Dkt. No. 62 at 1–6; Dkt. No. 63 at 1–2.) Additional facts relevant to this motion are as follows. On May 3, 2017, Plaintiffs filed an amended complaint, alleging new facts against Defendant Dodge. (*See* Dkt. No. 64.) On May 17, 2017, Defendant Dodge filed a motion for summary judgment. (Dkt. No. 66.) Defendant Dodge argues he is entitled to judicial immunity and the claims against him should be dismissed. (*See id.*) On May 22, 2017, the parties discussed their plan for discovery. (Dkt. No. 76 at ¶ 5.) After filing a response to Defendant Dodge's motion for summary judgment, Plaintiffs filed this motion to continue. (Dkt. No. 75.) This motion to continue was

ORDER GRANTING PLAINTIFFS' MOTION TO
CONTINUE
PAGE - 1

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGRETTY RABANG, *et al.*,

    Plaintiffs,

    v.

ROBERT KELLY, JR., *et al.*,

    Defendants.

CASE NO. C17-0088-JCC

ORDER GRANTING PLAINTIFFS' MOTION TO CONTINUE

This matter comes before the Court on Plaintiffs' motion to continue (Dkt. No. 75) Defendant Dodge's motion for summary judgment (Dkt. No. 66). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

The underlying facts of this case have been detailed in previous orders. (Dkt. No. 62 at 1–6; Dkt. No. 63 at 1–2.) Additional facts relevant to this motion are as follows. On May 3, 2017, Plaintiffs filed an amended complaint, alleging new facts against Defendant Dodge. (*See* Dkt. No. 64.) On May 17, 2017, Defendant Dodge filed a motion for summary judgment. (Dkt. No. 66.) Defendant Dodge argues he is entitled to judicial immunity and the claims against him should be dismissed. (*See id.*) On May 22, 2017, the parties discussed their plan for discovery. (Dkt. No. 76 at ¶ 5.) After filing a response to Defendant Dodge's motion for summary judgment, Plaintiffs filed this motion to continue. (Dkt. No. 75.) This motion to continue was

1 | filed before the motion for summary judgment's original noting date.

2 |     Pursuant to Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion." Plaintiffs argue Defendant Dodge's motion for summary judgment is premature because adequate time for discovery has not occurred. (Dkt. No. 75 at 2.) Plaintiffs wish to conduct discovery as to whether Defendant Dodge had subjective knowledge that he lacked authority. (*Id.* at 3.)

    The Court concludes Plaintiffs have shown that, for specified reasons, they cannot present facts essential to justify their opposition to the pending motion for summary judgment. Judicial immunity is a fact-intensive inquiry in this case. A deposition of Defendant Dodge and information obtained through other discovery tools could create a genuine dispute of material fact as to whether Defendant Dodge knew he lacked authority. Plaintiffs' detailed opposition to the motion for summary judgment does not defeat their motion to continue. *See Play Visions, Inc. v. Dollar Tree Stores, Inc.*, 2011 WL 13100728, at *2 (W.D. Wash. Mar. 1, 2011); *c.f. Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006) (denying a motion to continue filed after an opposition where the plaintiff failed to identify specific facts and explain why those facts would have precluded summary judgment). Therefore, for the foregoing reasons, Plaintiffs' motion to continue (Dkt. No. 75) is GRANTED.

    The Court DIRECTS the Clerk to remove the noting date on the motion for summary judgment (Dkt. No. 66). The parties are ORDERED to provide the Court with the date discovery begins or began. The Court will renote the motion for summary judgment for four months after the start of discovery and set an opposition and reply briefing schedule.

//
//
//
//

1    DATED this 29th day of June 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION TO
CONTINUE
PAGE - 3