*Honorable John C. Coughenour*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGRETTY RABANG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT KELLY, JR., et al.,<br><br>    Defendants. | **Case No.: 2:17-CV-00088-JCC**<br><br>**DEFENDANT CHIEF JUDGE RAYMOND DODGE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br><br>**NOTE ON MOTION CALENDAR: SEPTEMBER 8, 2017** |

Defendant Nooksack Tribal Court Chief Judge Raymond G. Dodge, Jr. ("Judge Dodge") hereby responds in opposition to Plaintiffs' Motion to Compel Discovery, filed August 24, 2017 ("Motion"). Dkt. # 95.[1]

## ARGUMENT

Judge Dodge has neither a legal right to nor control over the Tribal documents sought by Plaintiffs. The only entity with a legal right to the documents in question is the Nooksack Indian Tribe, a non-party to this case. Plaintiffs' argument to the contrary ignores Ninth Circuit law adopting the legal right standard. The Motion as to Judge Dodge should be denied.

---

[1] Judge Dodge's opposition is limited solely to that portion of the Motion that is directed to him (Section II.A of the Motion). Dkt. # 95 at 5-8. Judge Dodge takes no position with respect to alleged discovery issues by and between Plaintiffs and Defendants Chairman Kelly, Ms. Canete and Mr. Armstrong, or as between Plaintiffs and non-Party Witnesses.

DEF. DODGE OPP. TO MOT. TO COMPEL
(2:17-CV-00088-JCC) – Page 1
70082981V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

A. **Judge Dodge Has Produced All Responsive Documents Within His Possession, Custody or Control**

Plaintiffs move to compel production from Judge Dodge, claiming that he "refuses to produce responsive documents." Mot. at 2. This is simply untrue. Judge Dodge has produced all responsive documents over which he has possession, custody, or control, including documents from his personal e-mail account.[2] He cannot, however, produce documents which do not belong to him and to which he has no legal right to produce because they are under the ownership and legal control of his employer, the non-party Nooksack Indian Tribe. Judge Dodge's legal inability to produce these documents does not equate to a "refusal," and Plaintiffs' misrepresentations do not change the facts or law at issue.

1. **Judge Dodge Does Not Have Legal Control Over the Tribe's Documents**

Primarily, Plaintiffs seek to compel the production of documents from Judge Dodge's Tribal e-mail account rdodge@nooksack-nsn.gov. Mot. at 6-7. Fed. R. Civ. P. 34 requires production of documents "which are in the possession, custody or control of the party upon whom the request is served." In the Ninth Circuit, control is defined as "the ***legal right*** to obtain the documents on demand." *United States v. Int'l Union of Petroleum & Indus. Workers*, AFL-CIO, 870 F.2d 1450, 1452–54 (9th Cir. 1989) (denying enforcement of a subpoena issued to international union seeking financial data and election records of local unions on the basis that international union did not "control" local union election records such that it could be required to comply with the subpoena) (emphasis added). The "legal right" to obtain documents is evaluated in the context of the facts of each case and the determination of control is often fact-specific. *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 638 (D. Or. 2015). Central to each case is the relationship between the party and the person or entity having actual

---

[2] Plaintiffs allege that Judge Dodge has failed to produce "125 pages of information that Plaintiffs and their counsel sent to Raydodge2@yahoo.com in 2015." Mot. at 3. However, at no point do Plaintiffs specify which discovery request(s) Judge Dodge has allegedly failed to fully answer, making response to those allegations difficult, if not impossible. Judge Dodge has produced responsive documents that are in his possession, custody or control.

DEF. DODGE OPP. TO MOT. TO COMPEL
(2:17-CV-00088-JCC) – Page 2
70082981V.1

possession of the document. *Estate of Young v. Holmes,* 134 F.R.D. 291, 294 (D.Nev.1991). The requisite relationship is one where a party can "command" release of the documents by the person or entity in possession. *Id.* The party seeking production of the documents bears the burden of proving that the opposing party has such control. *Int'l Union*, 870 F.2d at 1452.

Here, the only entity with a legal right to the documents in question is the Tribe, a non-party to this case and Plaintiffs have not met their burden to show that Judge Dodge has the requisite control. The exclusive legal ownership of the documents in question is evidenced by the Nooksack Tribal Records Act, which provides that "[a]ll Tribal records shall be, and remain, the property of the Tribe." Dodge Decl.; Ex. A at p. 5 (§ 2.02.020) (filed herewith). "Tribal Record" is defined to include "any writing . . . electronic mail, or other documentary materials, regardless of physical form or characteristics, made or received by the governmental services of the Nooksack Indian Tribe in connection with the transaction of Tribal business, and preserved or appropriated for preservation by the entity as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the governmental services of the Nooksack Indian Tribe." *Id*. at p. 3.

This definition of "Tribal Record" as a matter of Nooksack Tribal Law includes the documents sought by Plaintiffs that were sent to and/or received from Judge Dodge's Tribal email address, as well as the emails themselves. As Tribal Records, Judge Dodge does not have the authority to release documents without the authorization of the Tribe.[3] *See* Exs. A and B to Dodge Decl. Nor does he have the ability as an employee to "command release" of the Tribe's

---

[3] Plaintiffs argue that because Judge Dodge has filed with this Court some Tribal Records, he cannot refuse to produce others in discovery. Mot. at 7-8. This argument misses the mark on numerous grounds. First, as explained by Tribal law, disclosure of Tribal Records is not in for a penny, in for a pound. Rather, approval must be obtained as to each record to be disclosed Ex. B to Dodge Decl. Second, reference to these documents does not advance Plaintiffs' cause. The Tribal Court records (Dkt. ## 31-1, 31-2, 31-3, 67-3, 67-6, and 67-7) were all pleadings and opinions equally available (and likely already in the possession of) Plaintiffs. Likewise, the Nooksack Housing Authority correspondence was part of the Court files and were sent to Plaintiffs (Dkt. ## 67-1, 67-2, 67-4 and 67-5) and are therefore, equally available (and likely already in the possession of) Plaintiffs. As to the alleged correspondence (Dkt. ## 67-8, 67-10 and 67-12), two of those are letters from the United States. In any event, Judge Dodge has no independent ability to waive his employer's right to control its documents.

DEF. DODGE OPP. TO MOT. TO COMPEL
(2:17-CV-00088-JCC) – Page 3
70082981V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

documents. Judge Dodge therefore has no legal right to the requested documents and he cannot be compelled to produce them in response to Plaintiffs' requests.

### 2. Mere Access to Documents Does Not Constitute Legal Control

Plaintiffs allege that Judge Dodge is required to produce documents from his Tribal e-mail account because he "rather obviously has access" to the account or the "ability to obtain [e-mails] with a few keystrokes." Mot. at 7. This argument is unavailing and misconstrues the legal standard under Fed. R. Civ. P. 34.

A party to litigation "cannot properly seek to obtain from one entity or individual what belongs to another." *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 502 (D. Kan. 2001). Thus, courts have held that an employee's mere access to relevant documents does not constitute possession of documents, and that an employee cannot be compelled to produce documents that are the property of his or her employer. *Calhoun v. Robinson*, No. 08-5744, 2009 WL 3326760, at *4 (W.D. Wash., Oct. 13, 2009) (denying motion to compel production of documents belonging to plaintiff's employer); *Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 377, n.5 (W.D. Ky. 2007) (finding attorney sued in his individual capacity had none of the requested documents in his possession because documents were in the possession, custody and control of his current and former law firms); *In re Kuntz*, 124 S.W.3d 179, 184 (Tex. 2003) (former husband's "mere access" to relevant documents did not constitute possession of the documents under the definition of "possession, custody, or control"). The ability to obtain documents "with a few keystrokes" is not the standard (Mot. at 7); for the Court to adopt such a rule would seriously undermine non-party employer rights to safeguard their documents and information when an employee is sued in their personal capacity.

Further, contrary Plaintiffs' claim that Fed. R. Civ. P. 34 was designed to permit access to documents "as long as the party has the 'practical ability to obtain the documents,'" the Ninth Circuit has expressly rejected a "practical ability" standard and declined to redefine legal control

DEF. DODGE OPP. TO MOT. TO COMPEL
(2:17-CV-00088-JCC) – Page 4
70082981V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

to mean a party's practical ability to obtain the requested documents, instead affirming that the test is one of legal control.  *Compare* Mot. at 7 *with In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999); *see also In re Legato Sys., Inc. Sec. Litig.*, 204 F.R.D. 167, 169 (N.D. Cal. 2001) (noting that the definition of control as the "legal right" to obtain documents in demand has been accepted within the Ninth Circuit); *7-UP Bottling Co. v. Archer Daniels Midland Co. (In re Citric Acid Litig.*), 191 F.3d 1090, 1108 (9th Cir. 1999) (pointing out the impracticability of the practical ability test).  Thus, even if Judge Dodge, practically speaking, could produce documents belonging to the Tribe because he has mere access to them as an employee with a Tribal email account, he is still not legally entitled or, without more, permitted to provide those Tribal documents to Plaintiffs.  *See In re Grand Jury Subpoena*, 646 F.2d 963, 969 (5th Cir. 1981) (finding that the subpoena to an employee, if upheld, "would be illegal because it would direct her to produce documents not in her possession, custody, or control" for which she had "mere access.").

Judge Dodge's practical ability to obtain the requested documents is immaterial in this Circuit because he lacks legal control over the documents.  Plaintiffs' Motion should, therefore, be denied.

### 3. To Obtain the Requested Documents, Plaintiffs Must Subpoena the Tribe

The Tribe is the sole legal guardian of its own records (including emails).  Instead of moving to compel Judge Dodge—an employee—to produce the Tribe's records, the appropriate process for obtaining such documents is to serve the Tribe with a subpoena as set forth in Fed. R. Civ. P. 45.  9A Charles A. Wright, et al., *Federal Practice and Procedure* § 2456; *Calhoun* 2009 WL 3326760 at *4 (finding that plaintiff "has other legal means to obtain these documents through third party discovery procedures"); *Heilmayr*, 203 F.R.D. at 502 (proper vehicle for plaintiff to obtain corporate documents in suit against corporate president personally was not an order requiring president to produce corporate documents, but a subpoena to nonparty

DEF. DODGE OPP. TO MOT. TO COMPEL
(2:17-CV-00088-JCC) – Page 5
70082981V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

corporation). Accordingly, if Plaintiffs wish to obtain the Tribe's documents, they must follow the proper path for doing so by issuing a subpoena to the Tribe, not by moving to compel discovery from Judge Dodge.[4]

Judge Dodge maintains no legal right to the Tribe's documents other than their use in furtherance of the Tribe's business. As the requested documents are not in his possession, custody, or control, he should not be compelled to produce them.

## CONCLUSION

For the foregoing reasons, Judge Dodge respectfully requests that the Court enter the [Proposed] Order denying Plaintiffs' Motion.

DATED this 5th day of September, 2017.

**Kilpatrick, Townsend & Stockton LLP**

By: */s/ Rob Roy Smith*
Rob Roy Smith, WSBA # 33798
Email: RRSmith@kilpatricktownsend.com
Rachel B. Saimons, WSBA # 46553
Email: RSaimons@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1420 Fifth Ave, Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
Fax: (206) 623-6793

*Attorneys for Defendant Chief Judge Raymond G. Dodge, Jr.*

---

[4] Regardless of the Tribe's compliance with any subpoenas issued, the Rule 45 process remains the proper avenue for obtaining Tribal records.

DEF. DODGE OPP. TO MOT. TO COMPEL
(2:17-CV-00088-JCC) – Page 6
70082981V.1

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2017, I electronically filed the foregoing **DEFENDANT CHIEF JUDGE RAYMOND DODGE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Gabe Galanda
>gabe@galandabroadman.com
>Bree R. Black Horse
>bree@galandabroadman.com
>Galanda Broadman, PLLC
>8606 35th Ave NE, Suite L1
>PO Box 15146
>Seattle, WA 98115
>
>*Attorneys for Plaintiffs*
>
>
>Connie Sue Martin
>csmartin@schwabe.com
>Schwabe Williamson & Wyatt
>1420 5th Ave, Suite 3400
>Seattle, WA  98101
>
>*Attorneys for Defendants Robert Kelly, Jr., Rick D. George, Agripina Smith, Bob Solomon, Lona Johnson, Katherine Canete, Elizabeth King George, Katrice Romero, Donia Edwards, Rickie Armstrong*

DATED this  5th  day of September, 2017.

>**Kilpatrick Townsend & Stockton LLP**
>
>By: */s/ Rob Roy Smith*
>   Rob Roy Smith, WSBA # 33798
>   rrsmith@kilpatricktownsend.com
>   *Attorneys for Defendant Chief Judge Raymond G. Dodge, Jr.*

CERTIFICATE OF SERVICE – Page 7

KILPATRICK, TOWNSEND & STOCKTON LLP
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WA 98101
(206) 467-9600

70082981V.1