THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARGRETTY RABANG, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT KELLY, JR., *et al.*,<br><br>Defendants. | Case No. 2:17-cv-00088-JCC<br><br>**PLAINTIFFS' REPLY TO DEFENDANT DODGE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY** |

**A.     Defendant Dodge Must Produce Documents Irrespective Of The "Tribe."**

Defendant Dodge argues his rather obvious access to documents does not constitute the type of "control" necessary for Plaintiffs to compel production. Dkt. # 108 at 3-5. Instead, Defendant Dodge erroneously asserts, "the only entity with a legal right to the documents in question is the Tribe," *id.*—which is currently defunct, "lack[ing] authority" to take any official action whatsoever.[1] *Nooksack Indian Tribe v. Zinke*, No. 17-0219, 2017 WL 1957076, at *7 (W.D. Wash. May 11, 2017).

Focusing only on the "control" component of Rule 34, Defendant Dodge glosses over the both "possession" and "custody" components. Dkt. # 108 at 2-5. This is likely because, based on

---

[1] Defendant Dodge also cites the "Nooksack Indian Records Act," which was promulgated by the holdover Council on July 20, 2016, without quorum. Dkt. # 109-1; *see Nooksack Indian Tribe*, 2017 WL 1957076, at *6 ("[T]he decisions taken and the leadership in place after March 24, 2016, are not valid at this time and on an interim basis because the DOI or BIA have not recognized *any* Nooksack tribal leadership."). Any need for permission under this purported Tribal law is a red herring.

| | |
|---|---|
| PLAINTIFFS' REPLY TO DEFENDANT DODGE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY (2:17-cv-00088-JCC) - 1 | **GALANDA BROADMAN PLLC**<br>8606 35th Ave., NE, Suite L1<br>Mailing: PO Box 15146<br>Seattle, Washington 98115<br>(206) 557-7509 |

numerous documents Defendant Dodge has already filed here, he clearly has both possession and custody over documents responsive to Plaintiffs' RFPs.  Dkt. ## 31-1, 31-2, 31-3, 67-1, 67-2, 67-3, 67-4, 67-5, 67-6, 67-7, 67-8, 67-9, 67-10, 67-11, 67-12.

What is more, even were "control" the only component of Rule 34—it is not—the Ninth Circuit defines the term "as the legal right to obtain documents upon demand," which can be established through, *e.g.*, "affiliation or employment." *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989); *Mid-Century Ins. Co. v. AMCO Ins. Co.*, 2015 WL 1265598, *2 (C.D. Cal. Aug. 13, 2015) (citing *In re Legato Sys.*, 204 F.R.D. 167, 170 (N.D. Cal. 2001); *Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998)).  "[P]roof of theoretical control is insufficient; a showing of actual control is required." *In re Citric Acid Litig.*, 191 F.3d at 1090, 1107 (9th Cir. 1999).

Plaintiffs have demonstrated that Defendant Dodge, through both his close affiliation and purported employment with the holdover Council (*see* Dkt. ## 31, 67, 109), also exerts control—actual control—over the responsive documents.  *See* Dkt. ## 31-1, 31-2, 31-3, 67-1, 67-2, 67-3, 67-4, 67-5, 67-6, 67-7, 67-8, 67-9, 67-10, 67-11, 67-12.[2]  It is telling that Defendant Dodge does not testify, in any of his three Declarations now on file with this Court, that he ever sought or received "permission from the Tribe's General Manager [and holdover Councilperson, Defendant Canete] to release" *any* of the numerous "Tribal Records" that he has also filed.  Dkt. # 109 at 2; *see also* Dkt. ## 31, 67.  It appears that on his demand, he simply filed those documents.  *See id*.

In all, Defendant Dodge has possession, custody and control over responsive documents and must produce them.

---

[2] Defendant Dodge also claims to "not have, and have never had" any control over the Tribal Court Clerk. Dkt. # 67 at 2.  Yet he, through counsel, has prepared and filed a Declaration signed by her. Dkt. # 68.  Based upon the bare-bones discovery thus far provided, Plaintiffs find Defendant Dodge's various assertions that he lacks control—over anyone or anything—at Nooksack to be false.  Plaintiffs are confident that a jury will conclude likewise.

PLAINTIFFS' REPLY TO DEFENDANT DODGE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY (2:17-cv-00088-JCC) - 2

GALANDA BROADMAN PLLC
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

**B.     Defendant Dodge Must Produce Responsive Documents From Both of His Accounts.**

From the mere three responsive emails he has chosen to produce, Plaintiffs know that Defendant Dodge sends, receives and stores information pertaining to the Nooksack Tribe and Tribal Court at Raydodge2@yahoo.com.  Dkt. ## 96-4, 96-10.  He forwards and exchanges information between his work email account, rdodge@nooksack-nsn.gov, and his personal Yahoo account, having done so as recently as April 2017.  *See, e.g.,* Dkt. # 96-4.  He has also received *at least* 125 pages of responsive information at raydodge2@yahoo.com since 2015.  Dkt. # 96-10.  He seems to say he "he has not . . . 'destroyed' documents" of any kind, which, if true, means that responsive information should still exist in his Yahoo account.  Dkt. # 96-3 at 28.

Defendant Dodge does not claim that he needs the "Tribe's" approval to disclose any responsive information at Raydodge2@yahoo.com.  Dkt. # 108 at 3 n.3.  Indeed, an employer may not have any legal right to emails in an employee's personal account, even if the emails were used for business purposes.  *Matthew Enter., Inc. v. Chrysler Grp. LLC*, 2015 WL 8482256, at *3-4 (N.D. Cal. Dec. 10, 2015).  Nor does Defendant Dodge even feign a lack of possession, custody or control over information at Raydodge2@yahoo.com.  *See* Dkt. # 108 at 2 n.2.

Defendant Dodge also has possession, custody and control of responsive information at rdodge@nooksack-nsn.gov.  Plaintiffs know that because he has introduced various pieces of information from that Tribal email account in this lawsuit and in other proceedings.  Dkt. ## 67-11, 105-1.  He must now produce all responsive documents and information, whether at Raydodge2@yahoo.com, rdodge@nooksack-nsn.gov, or elsewhere.

**C.     Plaintiffs Are Not Obligated To Subpoena The "Tribe."**

Defendant Dodge argues that Plaintiffs must subpoena the Tribe to obtain the requested documents.  Dkt. # 108 at 5-6.  As explained above, however, because Defendant Dodge has

PLAINTIFFS' REPLY TO DEFENDANT DODGE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY (2:17-cv-00088-JCC) - 3

**GALANDA BROADMAN PLLC**
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509

possession, custody and control of the requested documents, the burden of a non-party subpoena is unnecessary and the Court should deny Defendant Dodge's request.  *See Netbula, LLC v. Chordiant Software, Inc.*, 2009 WL 3352588, at *1-2 (N.D. Cal. Oct. 15, 2009) (refusing to force defendants to subpoena documents from a non-party when plaintiffs could permit access to them); *Matthew Enter.*, 2015 WL 8482256, at *4 (denying a request to force the adverse party to serve a non-party subpoena on a database vendor where the party could produce the records more easily).

Plaintiffs have met their burden to demonstrate that Defendant Dodge has possession, custody, and control of responsive documents and information. *United States v. Int'l Union of Petroleum & indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989).  Defendant Dodge was most certainly the subject of the Court's June 29, 2017 Order, allowing Plaintiffs' discovery. Dkt. # 79. The Court must now hold Defendant Dodge accountable to that Order and to the discovery process prescribed by the federal rules.

DATED this 8th day of September, 2017.

                    GALANDA BROADMAN PLLC

                    /s/ Bree R. Black Horse
                    Gabriel S. Galanda, WSBA #30331
                    Anthony S. Broadman, WSBA #39508
                    Ryan D. Dreveskracht, WSBA #42593
                    Bree R. Black Horse, WSBA #47803
                    P.O. Box 15416
                    8606 35th Avenue NE, Suite L1
                    Seattle, WA 98115
                    PH: 206-557-7509
                    FX: 206-299-7690
                    gabe@galandabroadman.com
                    anthony@galandabroadman.com
                    ryan@galandabroadman.com
                    bree@galandabroadman.com

                    Attorneys for Plaintiffs

PLAINTIFFS' REPLY TO DEFENDANT DODGE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY (2:17-cv-00088-JCC) - 4

**GALANDA BROADMAN PLLC**
8606 35th Ave., NE, Suite L1
Mailing: PO Box 15146
Seattle, Washington 98115
(206) 557-7509