|   |   |
|---|---|
|   | THE HONORABLE JOHN C. COUGHENOUR |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGRETTY RABANG, *et al.*, | CASE NO. C17-0088-JCC |
| Plaintiffs, | ORDER |
| v. | |
| ROBERT KELLY, JR., *et al.*, | |
| Defendants. | |

This matter comes before the Court on the parties' joint status report filed on January 12, 2018 (Dkt. No. 132). The Court has also reviewed several documents subsequently filed by the parties regarding the status of this case (Dkt. Nos. 136, 137, 138, 139). Having considered these documents, and the relevant record, the Court STAYS all proceedings in this matter until April 30, 2018.

**I.  BACKGROUND**

The Court has provided a detailed factual and procedural background of this case in previous orders that it will not repeat here. (*See* Dkt. Nos. 62 at 1–6, 63 at 1–2, 130 at 1–4.) On August 28, 2017, Defendant Robert Kelly Jr. ("Kelly"), in his capacity as Chairman of the Nooksack Tribal Council, entered into a Memorandum of Agreement (MOA) with Michael Black, Acting Assistant Secretary–Indian Affairs, on behalf of the Department of the Interior ("DOI"). (Dkt. No. 117-1 at 8–12.) The MOA's primary purpose was to establish a process

under which DOI would once again recognize the Nooksack Tribal Council as the governing body of the Nooksack Indian Tribe. (*Id*. at 8.) The MOA required Kelly to conduct a Nooksack Tribal Council election within 120 days of signing the agreement. (*Id.*) DOI was to issue a letter granting full recognition of the Nooksack Tribal Council after its review of the certified election results, the final resolution of any challenges to those results, and the endorsement or non-endorsement of the results by the Director of the Bureau of Indian Affairs' (BIA) Pacific Northwest Region. (*Id*. at 9.)[1]

On October 25, 2017, the Court stayed all proceedings in this case until January 12, 2018. (Dkt. No. 130.) The Court anticipated that DOI would render its recognition determination, or withhold such recognition, shortly after the 120-day deadline established in the MOA to conduct the election—approximately the beginning of January. (Dkt. Nos. 132, 139-1.)

The Nooksack Tribe's general election was held on December 2, 2017, and the Election Board certified the results on December 8, 2017. (Dkt. No. 132 at 2.) As of January 16, 2018, the election results are still being reviewed by BIA's Regional Director. (Dkt. No. 139-1 at 2.) As a result, DOI has extended the rights and obligations outlined in the MOA until it renders a final determination regarding the validity of the 2017 general election, or until March 30, 2018, whichever occurs first. (*Id*. at 3.)

## II. DISCUSSION

The Court has repeatedly stated that DOI's recognition of the Nooksack Tribal Council could affect its jurisdiction over this case. (*See* Dkt. Nos. 62 at 11, 130 at 2.) The Court is sensitive to the fact that this case implicates issues of tribal governance and membership—issues that federal courts are typically foreclosed from adjudicating. *See, e.g.*, *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 72, n.32 (1978). The Court's sensitivity is only heightened as additional

---

[1] Plaintiffs state in the joint status report that they and others have challenged the election results. (Dkt. No. 132 at 5–6.)

tribal elections occur that could influence the shape of this case going forward.[2]

The primary purpose of the stay, then, was to await DOI's post-election decision regarding recognition. (Dkt. No. 130 at 7) ("DOI's recognition of the Tribal Council after elections could represent an event of jurisdictional significance.") Given that DOI is still reviewing the election results, the Court must consider whether it is appropriate to extend the stay or proceed with the case. In the joint status report, Plaintiffs ask the Court to extend the stay by 90 days. (Dkt. No. 132 at 10.) Defendants express no position on the stay, but have previously asked the Court to dismiss the Plaintiffs' claims because the MOA represented sufficient recognition of the Nooksack Tribal Government. (Dkt. No. 120 at 4.)

The reasons for the initial stay persist. While DOI has not issued a recognition decision, its decision appears forthcoming. (*See* Dkt. No. 139-1 at 2) (DOI extended interim recognition as provided in the MOA until no later than March 30, 2018). The Court concludes that extending the stay will not prejudice the parties. A 90-day extension is short in duration, and the Court can amend its case scheduling order to avoid harsh or impractical deadlines once the litigation proceeds. In addition, DOI has reiterated that "all those purportedly disenrolled members since March 24, 2016, are entitled to vote in Tribal elections." (*Id.*) This reaffirmation of rights mitigates the prejudice to Plaintiffs by delaying their lawsuit.

A stay of proceedings will avoid piecemeal litigation. Defendant Raymond Dodge has filed a motion for summary judgment with the Court, and the Kelly Defendants[3] have an interlocutory appeal pending at the Ninth Circuit.[4] (Dkt. Nos. 66, 69.) There are several discovery disputes pending with the Court that need to be resolved before ruling on Dodge's

---

[2] In addition to the 2017 general election currently under review, a separate Tribal Council election is scheduled for March 17, 2018. (Dkt. No. 139-1 at 2.) Plaintiffs state that if the stay were lifted they would seek leave to amend their complaint to include additional allegations against Defendants arising from their conduct related to the 2017 election. (Dkt. No. 132 at 10.)

[3] The Court uses "Kelly Defendants" to refer to all Defendants except Raymond Dodge.

[4] Oral argument is scheduled for March 9, 2018. (Dkt. No. 132 at 10.)

motion for summary judgment; however, complete resolution of those disputes is difficult while the Kelly Defendant's interlocutory appeal is pending. (*See* Dkt. Nos. 95, 98, 124, 125.) As the Court noted in its previous order granting the stay, "for the purposes of discovery, the issues on appeal are difficult to untangle from the ongoing litigation, particularly because the RICO claims against the codefendants are identical." (Dkt. No. 130 at 7.)

Finally, given that DOI's recognition decision could affect the Court's continued jurisdiction over this case, a stay will conserve resources. The multiple discovery motions and Defendant Dodge's motion for summary judgment could be influenced or rendered moot by the DOI's decision. Therefore, the Court finds that a 90-day extension of the stay "is efficient for its own docket and the fairest course for the parties." *Mediterranean Enters., Inc. v. Ssanyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (internal quotations omitted).

### III. CONCLUSION

For the foregoing reasons, the Court STAYS all proceedings in this case until April 30, 2018. The parties are ORDERED to file a joint status report that notifies the Court of any action regarding DOI's issuance of a recognition decision pursuant to the MOA or the status of that decision. The Clerk is DIRECTED to RENOTE Plaintiffs' motion to compel (Dkt. No. 95), Defendants' motion to quash subpoena *duces tecum* (Dkt. No. 98), Defendants' motion to strike notices of depositions and for protective order (Dkt. No. 125), and Objector Nooksack Indian Tribe of Washington's motion to quash (Dkt. No. 124) to April 30, 2018. The Clerk is further DIRECTED to RENOTE Defendant Dodge's motion for summary judgment to June 15, 2018. The Court will issue a subsequent minute order that amends the scheduling order in this case.

DATED this 26th day of January 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE