1

2   THE HONORABLE JOHN C. COUGHENOUR

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
8

9   MARGRETTY RABANG, OLIVE OSHIRO,          Case No. 2:17-cv-00088-JCC
    DOMINADOR AURE, CHRISTINA
10  PEATO, and ELIZABETH OSHIRO,             MOTION FOR INDICATIVE RULING
                                             REGARDING DISMISSAL PURSUANT
11              Plaintiffs,                   TO CR 62.1, CR 60(B)(4) AND (5), AND
                                             CR 12(H)(3)
12  v.
                                             **NOTED FOR HEARING:  MARCH 30,**
13  ROBERT KELLY, JR., RICK D. GEORGE,       **2018**
    AGRIPINA SMITH, BOB SOLOMON,
14  LONA JOHNSON, KATHERINE CANETE,
    RAYMOND DODGE, ELIZABETH KING
15  GEORGE, KATRICE ROMERO, DONIA
    EDWARDS, and RICKIE ARMSTRONG,
16
                Defendants.
17

18              I.       INTRODUCTION AND REQUEST FOR RELIEF

19          The Special Election contemplated under the August 24, 2017 Memorandum of

20  Agreement ("MOA") has been certified by the Department of Interior ("DOI"), and the

21  Nooksack Tribal Council has been recognized as the governing body of the Nooksack Tribe.

22  See **Exhibit 1**, Declaration of Connie Sue Martin.

23          The Kelly Defendants ask the Court to take notice and indicate, through a CR 62.1

24  Indicative Ruling, that it does not have jurisdiction over the claims against the Kelly

25  Defendants because "an event of jurisdictional significance" has occurred and that, if the Ninth

26

KELLY DEFENDANTS' MOTION FOR INDICATIVE              SCHWABE, WILLIAMSON & WYATT, P.C.
RULING: **CASE NO. 2:17-CV-00088-JCC** - 1                    Attorneys at Law
                                                         1420 5th Avenue, Suite 3400
                                                          Seattle, WA 98101-4010
                                                         Telephone: 206.622.1711

PDX\124302\192359\CSMM\22535421.1

Circuit Court of Appeals were to remand the matter presently pending before it, this Court would dismiss; or, if the Court cannot determine on the basis of this motion alone that it would grant the Kelly Defendants' CR 60(b) motion, then indicate that the Kelly Defendants' motion raises a substantial issue that the Court would address if the Ninth Circuit remanded.

The Court's own conclusions regarding the temporary nature of its subject matter jurisdiction show that an indicative ruling of dismissal is now warranted.  See Dkt. 62 at 11 ("This Court's jurisdiction over this matter is not permanent or inflexible. . . if the DOI and BIA recognize tribal leadership after new elections, this Court will no longer have jurisdiction and the issues will be resolved internally.").  Additionally, dismissal is mandatory where it is clear that the Court lacks subject matter jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868).

## II.    ARGUMENT

The Kelly Defendants asserted that the Court lacks jurisdiction to resolve Plaintiffs' claims because, among other reasons, the claims require resolution of an intra-tribal dispute concerning tribal government and membership for which the federal courts lack subject matter jurisdiction.  *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 53, 62-63 (1978).

On March 2, 2017 the Kelly Defendants moved to dismiss the Plaintiffs' claims based on lack of subject matter jurisdiction and the Tribe's sovereign immunity.  [Doc. 34].  The Court denied the motion in part on the basis  that subject matter jurisdiction existed over the

KELLY DEFENDANTS' MOTION FOR INDICATIVE
RULING: **CASE NO. 2:17-CV-00088-JCC** - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\124302\192359\CSMM\22535421.1

Plaintiffs' claims against the Kelly Defendants on a temporary basis that would end if the BIA

recognized tribal leadership after new elections:

> This Court's jurisdiction over this matter is not permanent or inflexible. For instance, the DOI decisions in this matter are being challenged in the related case, *Nooksack Indian Tribe v. Zinke*, C17-0219-JCC. If the Court there determines the DOI decisions were invalid, it is possible that this Court will not have jurisdiction over this matter. **Moreover, if the DOI and BIA recognize tribal leadership after new elections, this Court will no longer have jurisdiction and the issues will be resolved internally.** *See Attorney's Process & Investigation Servs., Inc.*, 609 F.3d at 943.

April 26, 2017 Order [Doc. 62], at 11:8–14 [emphasis added].

By letter dated March 9, 2018, the DOI recognized the validity of the Tribal Council

comprised of the four Tribal Council members elected in 2014 (which includes defendants

Chairman Robert Kelly and Bob Solomon), and the four Tribal Council members elected in

the Special Election (defendants Vice-Chairman Rick George, Treasurer Agripina Smith, and

Council members Roy Bailey and Katherine Romero [formerly Canete]).  Martin Decl., Exh.

1.

The DOI and the BIA have recognized tribal leadership after new elections.  As the

Court previously determined, the Court therefore no longer has jurisdiction and the

"legitimacy of the internal tribal actions taken by the Nooksack tribal leadership" can only be

resolved internally.  Id. at 7:22-23 and 11:8-14.  Dismissal is warranted.

A.      **This Court Should Issue an Indicative Ruling to Dismiss on Jurisdictional Grounds**

Once a federal court determines that it is without subject matter jurisdiction, the court

is powerless to continue.  *Ex parte McCardle*, 74 U.S. (7 Wall.) at 514; *see also Wernick v.*

*Matthews*, 524 F.2d 543, 545 (5th Cir. 1975) ("[W]e are not free to disregard the

KELLY DEFENDANTS' MOTION FOR INDICATIVE
RULING: **CASE NO. 2:17-CV-00088-JCC** - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

jurisdictional issue, for without jurisdiction we are powerless to consider the merits.").  A

federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it

may be lacking. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th

Cir. 2004); *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per

curiam); *Wernick*, 524 F.2d at 545; *see also Save the Bay, Inc. v. United States Army*, 639

F.2d 1100, 1102 (5th Cir. 1981) (per curiam) (holding that courts must constantly examine

the basis of their jurisdiction before proceeding to the merits); *see, also*, CR 12(h)(3) ("If the

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

the action.).

The issue of this Court's subject matter jurisdiction over the claims against the Kelly

Defendants is presently pending in the Ninth Circuit Court of Appeals.  Thus, the Ninth

Circuit—not this Court—has jurisdiction.  *See United States v. Claiborne*, 727 F.2d 842, 850

(9th Cir. 1984), cert. den. 469 U.S. 829 (1984); *State v. Powell*, 24 F.3d 28, 31 (9th Cir. 1994);

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d

225 (1982).

The civil rules allow that in these circumstances a district court can indicate that it

would alter a ruling that is on appeal, including one to dismiss, if the appellate court would

remand for that purpose.  Rule 62.1 permits this Court to issue an order that indicates that it

would grant the Kelly Defendants' motion asking the Court to dismiss based on the absence

of jurisdiction if the Ninth Circuit remands the case to it.   *Greear v. Greear*, 288 F.2d 466

(9th Cir. 1961); *Figueroa v. Savanar Rest., Inc.*, 205 FRD 110 (S.D. N.Y. 2001) (district

court may consider CR 60(b) motion after notice of appeal is filed, but may grant such

KELLY DEFENDANTS' MOTION FOR INDICATIVE
RULING: **CASE NO. 2:17-CV-00088-JCC** - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

motion only upon expressing its inclination to do so and parties obtaining remand from circuit court of appeals).

The Advisory Committee Notes on CR 62.1 offer insight into the rule and the procedure that allows the district court to indicate to the appellate court that "it would grant the motion if the court of appeals remands for that purpose," to solve the jurisdictional issues that otherwise would prevent the district court from acting, as follows:

> This new rule adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal. After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it, defer without consideration, or state that it would grant the motion if the court of appeals remands for that purpose or state that the motion raises a substantial issue. Experienced lawyers often refer to the suggestion for remand as an "indicative ruling." (Appellate Rule 4(a)(4) lists six motions that, if filed within the relevant time limit, suspend the effect of a notice of appeal filed before or after the motion is filed until the last such motion is disposed of. The district court has authority to grant the motion without resorting to the indicative ruling procedure.)

> This clear procedure is helpful whenever relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal. Rule 62.1 does not attempt to define the circumstances in which an appeal limits or defeats the district court's authority to act in the face of a pending appeal. The rules that govern the relationship between trial courts and appellate courts may be complex, depending in part on the nature of the order and the source of appeal jurisdiction. Rule 62.1 applies only when those rules deprive the district court of authority to grant relief without appellate permission. If the district court concludes that it has authority to grant relief without appellate permission, it can act without falling back on the indicative ruling procedure.

Fed. R. Civ. P. 62.1 advisory committee's note.

KELLY DEFENDANTS' MOTION FOR INDICATIVE
RULING: **CASE NO. 2:17-CV-00088-JCC** - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\124302\192359\CSMM\22535421.1

The appellate court will then have discretion to remand under Appellate Rule 12.1. *Id*. Normally, the district court should indicate that it would grant the motion if the claims are remanded, rather than simply indicate that a substantial issues exists, as the advisory committee explains:

> Often it will be wise for the district court to determine whether it in fact would grant the motion if the court of appeals remands for that purpose. But a motion may present complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal.  In such circumstances the district court may prefer to state that the motion raises a substantial issue, and to state the reasons why it prefers to decide only if the court of appeals agrees that it would be useful to decide the motion before decision of the pending appeal. The district court is not bound to grant the motion after stating that the motion raises a substantial issue; further proceedings on remand may show that the motion ought not be granted.

Fed. R. Civ. P. 62.1 advisory committee's note.

Kelly Defendants seek this precise relief and procedure.  The Court's previous decisions and CR 60(b)(4) or (5) (discussed below) support entry of an indicative order that the Court would dismiss on jurisdictional grounds if the claims are remanded.. *See, e.g., Byrd v. Corporacion Forestal Y Indus. De Olancho, S.A.*, 974 F. Supp. 2d 264, 274 (S.D. N.Y. 2013) (district court entered order indicating that it would grant CR 60(b)(6) motion to vacate if jurisdiction were restored by the court of appeals).

## B.    Relief From the Court's Order Denying the Kelly Defendants' Motion to Dismiss [Dkt. 61] is Appropriate Under CR 60(b)(4) or (5)

The recognition of the Nooksack Tribal Council by the DOI eliminates the Court's basis for finding temporary jurisdiction over the matter and the Kelly Defendants are entitled to dismissal under CR 60(b).  Rule 60(b) invested the federal courts, in certain situations, with the power to "vacate judgments whenever such action is appropriate to accomplish

KELLY DEFENDANTS' MOTION FOR INDICATIVE
RULING: **CASE NO. 2:17-CV-00088-JCC** - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\124302\192359\CSMM\22535421.1

justice." *Klapprott v. United States*, 335 U.S. 601, 614-15, 93 L. Ed. 266, 69 S. Ct. 384 (1949).  Rule 60 is a remedial rule and should be liberally applied.  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010).

Rule 60(b) provides, in pertinent part, that the district court may relieve a party from a final judgment when it is void or applying the judgment is no longer equitable:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (4)     the judgment is void;
> (5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . .

CR 60(b)(4) and (5).

### 1.     Relief is Warranted under CR 60(b)(4)

If a judgment is void for lack of jurisdiction, the district court must grant a Rule 60(b)(4) motion, without consideration of timeliness, unfair prejudice, or exceptional circumstances.  *Vinten v. Jeantot Marine Alliances, S.A.*, 191 F. Supp. 2d 642, (Dist. S.C. 2002).  In *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998), the court explained that when a Rule 60(b) motion "is based on a void judgment under rule 60(b)(4), the district court has no discretion, the judgment is either void or it is not." 136 F.3d at 1005.

The *Carter* court found that "unlike motions pursuant to other subsections of Rule 60(b), Rule 60(b)(4) motions leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal nullities or not." *Id.*; *see also United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657 (1st Cir. 1990).

KELLY DEFENDANTS' MOTION FOR INDICATIVE
RULING: **CASE NO. 2:17-CV-00088-JCC** - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

A judgment is void, and therefore subject to relief under Rule 60(b)(4), if the court that rendered judgment lacked subject matter jurisdiction. *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985) ("It is well settled that a judgment is void 'if the court that considered it lacked jurisdiction of the subject matter,'"); *V. T. A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979) ("If found at all, voidness usually arises for lack of subject matter jurisdiction or jurisdiction over the parties.").

If a judgment is void, "relief [under CR 60(b)(4)] is not a discretionary matter; it is mandatory." *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994). As the 9th Circuit noted in *Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980), quoting Wright & Miller, Federal Practice & Procedure: Civil § 2862, at 197:

> Necessarily a motion under this part of the rule differs markedly from motions under the other clauses of Rule 60(b). There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4). Nor is there any requirement, as there usually is when default judgments are attacked under Rule 60(b), that the moving party show that he has a meritorious defense. Either a judgment is void or it is valid. Determining which it is may well present a difficult question, but when that question is resolved, the court must act accordingly. (Footnotes omitted.)

A motion to set a void judgment aside may be brought at any time. *Owens-Corning Fiberglas Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.),* 759 F.2d 1440, 1448 (9th Cir. 1985).

The Court previously concluded that "if the DOI and BIA recognize tribal leadership after new elections, this Court will no longer have jurisdiction and the issues will be resolved internally." April 26, 2017 Order [Doc. 62], at 11:8–14. Because the DOI and BIA

KELLY DEFENDANTS' MOTION FOR INDICATIVE
RULING: **CASE NO. 2:17-CV-00088-JCC** - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

recognize tribal leadership following the Special Election, the Court lacks jurisdiction, the order denying the Kelly Defendants' motion to dismiss is void and must be set aside.

### 2.      Relief is Also Warranted under CR 60(b)(5)

Rule 60(b)(5) allows relief from the operation of judgment when "it is no longer equitable" to give the judgment prospective application.  The rule "codifies the long-established principle of equity practice that a court may, in its discretion, take cognizance of changed circumstances and relieve a party from a continuing decree," *Gilmore v. California*, 220 F.3d 987, 1007 (9th Cir. 2000).

Here, the changed circumstance—the DOI's recognition of the Tribal Government following the Special Election as contemplated in the MOA—was anticipated by the Court in its earlier rulings.  Now that it has happened, the Court should take cognizance of changed circumstances and relieve the Kelly Defendants from the order denying their dismissal of subject matter jurisdiction grounds.  The Court previously ruled it owed deference to the DOI, and was only exercising jurisdiction "in the interim period where the tribal leadership is considered inadequate by the DOI."  Dkt. 60 at 10-11.

Because the Nooksack Tribe has satisfied the DOI and the conditions articulated by this Court under which the matter would be "resolved internally" by the Tribe, it would be inequitable not to give the DOI's recognition of the Tribal Council the same deference as the earlier decisions, now that there is no longer a basis for the Court's exercise of jurisdiction on an "interim basis."

KELLY DEFENDANTS' MOTION FOR INDICATIVE RULING: **CASE NO. 2:17-CV-00088-JCC** - 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\124302\192359\CSMM\22535421.1

**C.      Relief is Warranted by the Court's *Sue Sponte* Obligation to Resolve its Own Jurisdiction and by CR 12(h)(3)**

This Court has stayed the case and directed the parties to keep it apprised of the DOI's recognition of the tribal government, indicating that it will update its holding on jurisdiction when that occurs.  As noted above, federal courts have an ongoing obligation to examine their own jurisdiction.  See  *Ex parte McCardle*, *supra*; *Wernick v. Matthews*, *supra*; *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *Fitzgerald v. Seaboard Sys. R.R.*, *supra*; *Save the Bay, Inc. v. United States Army*, *supra*.

Rule12(h)(3) gives this authority to dismiss *sua sponte*:  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  This Court should *sua sponte* update its examination of its jurisdiction, and indicate to the Ninth Circuit that the changed circumstances would cause the Court to dismiss if the Ninth Circuit remanded the claims for that purpose.  *Greear*, 288 F.2d 466; *see also Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (per curiam) (Rule 12(h)(3) "only applies to actions pending before the court.").

## III.      CONCLUSION

The Court should conclude, based on (1) the Court's earlier holdings, (2) its lack of jurisdiction based on the DOI's recognition of the validity of the Tribal Council, and (3) the Court's obligation to revisit jurisdiction under Rule 12(h)(3), that dismissal is warranted based on the absence of jurisdiction.  The Court should state in an indicative order that it will dismiss the action if the Ninth Circuit remands for that purpose.  In the alternative, the Court could indicate that the Kelly Defendants' motion raises a substantial issue to be resolved by the Court after a remand.

KELLY DEFENDANTS' MOTION FOR INDICATIVE
RULING: **CASE NO. 2:17-CV-00088-JCC** - 10

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Court should direct the Kelly Defendants to notify the Clerk of the Ninth Circuit of the indicative ruling to ask that the claims be remanded for entry of a dismissal pursuant to Federal Rule of Appellate Procedure (FRAP) 12.1 or such further proceedings as the Court requires to address the substantial issue raised by the Kelly Defendants' motion.

Dated this 15th day of March, 2018.

SCHWABE, WILLIAMSON & WYATT, P.C.

By:   /s/ *Connie Sue Martin*
Connie Sue Martin, WSBA #26525
Email: csmartin@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
*Attorneys for Defendants Robert Kelly, Jr., Rick D. George, Agripina Smith, Bob Solomon, Lona Johnson, Katherine Canete, Elizabeth King George, Katrice Romero, Donia Edwards, and Rickie Armstrong*

KELLY DEFENDANTS' MOTION FOR INDICATIVE
RULING: **CASE NO. 2:17-CV-00088-JCC** - 11

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

PDX\124302\192359\CSMM\22535421.1

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

That on the 15th day of March, 2018, I electronically filed the foregoing MOTION FOR INDICATIVE RULING RE: DISMISSAL PURSUANT TO CR 62.1 with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Gabriel S. Galanda
Anthony S. Broadman
Ryan D. Dreveskracht
Bree R. Black Horse
Galanda Broadman, PLLC
P.O. .Box 15146
8606 35th Avenue NE, Suite L1
Seattle, WA 98115

Rachel Saimons
Rob Roy Smith
Kilpatrick Townsend & Stockton LLP
1420 5th Avenue, Suite 3700
Seattle, WA  98101

/s/ Connie Sue Martin
Connie Sue Martin, WSBA #26525

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\124302\192359\CSMM\22535421.1