THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGRETTY RABANG, *et al.*,

Plaintiffs,

v.

ROBERT KELLY, JR., *et al.*,

Defendants.

CASE NO. C17-0088-JCC

ORDER

This matter comes before the Court on Defendants' motion for an indicative ruling regarding dismissal (Dkt. No. 144). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

The Court has provided a detailed factual and procedural background of this case in previous orders that it will not repeat here. (*See* Dkt. Nos. 62 at 1–6, 63 at 1–2, 130 at 1–4.) What follows is the relevant factual and procedural history leading to this motion.

On April 26, 2017, the Court denied the Kelly Defendants'[1] motion to dismiss the Plaintiffs' complaint for lack of subject matter jurisdiction and on sovereign immunity grounds.

---

[1] The Court uses the term "Kelly Defendants" in this order to refer to all of the Defendants except Raymond Dodge, Jr.

(Dkt. No. 63.) On May 17, 2017, the Kelly Defendants timely filed an interlocutory appeal challenging the Court's order. (Dkt. No. 69); *Rabang v. Kelly*, No. 17-35427 (9th Cir. 2018).

On August 28, 2017, Defendant Robert Kelly, Jr. ("Kelly"), in his capacity as Chairman of the Nooksack Tribal Council, entered into a Memorandum of Agreement (MOA) with Michael Black, Acting Assistant Secretary–Indian Affairs, on behalf of the Department of the Interior ("DOI"). (Dkt. No. 117-1 at 8–12.) The MOA's primary purpose was to establish a process under which DOI would once again recognize the Nooksack Tribal Council as the governing body of the Nooksack Indian Tribe. (*Id*. at 8.) The MOA required Kelly to conduct a Nooksack Tribal Council election within 120 days of signing the agreement. (*Id.*) DOI was to issue a letter granting full recognition of the Nooksack Tribal Council after its review of the certified election results, the final resolution of any challenges to those results, and the endorsement or non-endorsement of the results by the Director of the Bureau of Indian Affairs' (BIA) Pacific Northwest Region. (*Id*. at 9.)

On October 25, 2017, the Court stayed all proceedings pending the results of the election. (Dkt. No. 130.) The Court reasoned that if DOI once again recognized the Nooksack Tribal Council, it could affect the Court's jurisdiction in this matter. (*See* Dkt. No. 130.) The Court also concluded that a stay was appropriate to avoid piecemeal litigation resulting from the Kelly Defendants' interlocutory appeal.[2] (*Id*. at 7.) The Court extended its stay on January 26, 2018 because DOI had not yet issued its certification of the election results. (Dkt. No. 140.) On March 9, 2018, DOI issued a letter that affirmed the validity of the election and recognized the Nooksack Tribal Council as currently comprised. (Dkt. No. 145-1 at 2.)

The same day that DOI issued its recognition letter, the parties conducted oral arguments in the interlocutory appeal before the Ninth Circuit. *See Rabang v. Kelly*, No. 17-35427 (9th Cir.

---

[2] For example, the Kelly Defendants had resisted Plaintiffs' discovery requests asserting that their interlocutory appeal divested this Court of jurisdiction to adjudicate those issues. (*See* Dkt. No. 125 at 3–4.)

Mar. 9, 2018). After receiving the DOI recognition letter, the Kelly Defendants filed this motion for an indicative ruling (Dkt. No. 144). Pursuant to Federal Rule of Civil Procedure 62.1, the Kelly Defendants ask the Court to indicate to the Ninth Circuit that if it remanded the matter, this Court would dismiss the complaint for lack of subject matter jurisdiction. (*Id*. at 2.)[3] Were the Court to issue an indicative ruling, the Kelly Defendants additionally ask for dismissal either under Federal Rule of Civil Procedure 60(b) or 12(h)(3). (*Id*. at 7–10.)

Plaintiffs object to the motion on several grounds. First, they assert the Kelly Defendants made the motion without seeking relief from the Court's stay. (Dkt. No. 147 at 6.) Second, they argue an indicative ruling regarding dismissal for lack of jurisdiction is inappropriate because the Ninth Circuit Court of Appeals is poised to make a ruling on that very issue.[4] (*Id*. at 7.) Finally, Plaintiffs argue that DOI's recent recognition of the Tribal Council does not affect this Court's jurisdiction over their claims. (*Id*. 7–9.)

## II. DISCUSSION

At the outset, the Court must decide whether it is appropriate to issue an indicative ruling while the Kelly Defendants' interlocutory appeal is pending at the Ninth Circuit.[5] As the Kelly Defendants correctly note in their motion, "[t]he issue of this Court's subject matter jurisdiction over the claims against the Kelly Defendants is presently pending in the Ninth Circuit Court of Appeals. Thus, the Ninth Circuit—not this Court—has jurisdiction. (Dkt. No. 144 at 4) (citing *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)). In other words, while a district court's ruling is on appeal, the court is without jurisdiction to alter that ruling. *See* Fed. R. Civ. P. 62.1 advisory committee notes ("After an appeal has been docketed and while it remains

---

[3] Defendant Raymond Dodge Jr. joins in the Kelly Defendants' motion. (Dkt. No. 146.)

[4] The interlocutory appeal has been pending for almost one year, is fully briefed, and the parties have conducted oral arguments.

[5] Although the Kelly Defendants did not request relief from the stay in their motion, a district court may lift its stay *sua sponte* and is not prevented from considering the present motion. *See Dano Res. Recovery, Inc. v. D.C.*, 923 F. Supp. 249, 252 (D.D.C. 1996)

pending, the district court cannot grant a Rule 60(b) without a remand.").

Notwithstanding the Court's current lack of jurisdiction, the Federal Rules allow a district court to indicate to the Court of Appeals that it would alter its ruling if the appeal were remanded for that purpose. *See* Fed. R. Civ. P. 62.1. When a party brings a Rule 62.1 motion for an indicative ruling, the Court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a)(1)–(3). A district court's decision to make an indicative ruling is discretionary. *See id.*; *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1206 (8th Cir. 2015).

The Kelly Defendants argue that the Court should indicate to the Court of Appeals that it would dismiss the complaint for lack of subject matter jurisdiction based on DOI's recent recognition of the Nooksack Tribal Council. (Dkt. No. 144 at 2.) They point to the Court's previous statement that "if the DOI and BIA recognize tribal leadership after new elections, this Court will no longer have jurisdiction and the issues will be resolved internally." (*Id.* at 3) (citing Dkt. No. 62 at 11). However, the question of how the Court might ultimately rule on its continuing jurisdiction over this lawsuit is different than whether it should ask the Court of Appeals to remand the case to reexamine the jurisdictional issue.

Plaintiffs point out that the Kelly Defendants have raised the issue of this Court's jurisdiction in their interlocutory appeal. (Dkt. No. 147 at 8.)[6] As a result, they argue it would be imprudent for the Court to issue an indicative ruling "reconsidering the same question being reviewed by the court of appeals." (*Id.*) (citing *Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 223 (S.D.N.Y. 2013)). Plaintiffs argue that an indicative ruling under these circumstances would simply "interrupt the appellate

---

[6] Plaintiffs frame the issue not in terms of subject matter jurisdiction but as a "justiciability challenge." (Dkt. No. 147 at 8.) Regardless of labels, the Court concludes that the issue of its subject matter jurisdiction to hear the case could be resolved by the Ninth Circuit.

process." (*Id*.) (quoting *Ret. Bd. of Policemen's Annuity*, 297 F.R.D. at 223). The Court agrees.

Having reviewed the Kelly Defendants' appellate brief and oral argument before the Ninth Circuit, the Court concludes that they have squarely raised the issue of subject matter jurisdiction on appeal. While the basis for the Kelly Defendants' interlocutory appeal was this Court's denial of their sovereign immunity claim, their brief asserts that "the subject matter jurisdiction issue is intertwined with the sovereignty issues." *See Rabang v. Kelly*, No. 17-35427 (9th Cir. Aug. 17, 2017). Characterizing Plaintiffs' complaint as an "intra-tribal dispute," the Kelly Defendants argue that this Court lacked subject matter jurisdiction over Plaintiffs' claims "now and always." *Id*. at 66. The Kelly Defendants repeated that position during oral argument, making clear that they were challenging this Court's subject matter jurisdiction over what they believe to be an intra-tribal dispute. *See Rabang v. Kelly*, No. 17-35427 (9th Cir. Mar. 9, 2018). The Kelly Defendants told the Court of Appeals that the Court should request briefing from the United States regarding the issue of subject matter jurisdiction. *Id*. They went even further by filing the DOI's recent letter recognizing the Nooksack Tribal Council with the Court of Appeals. *Id*. at Dkt. No. 33.

By requesting an indicative ruling, the Kelly Defendants are asking the Court to decide an issue that they have clearly put before the Court of Appeals. The Court does not believe that Rule 61.2 was intended for cases in this procedural posture. First, this is not a situation where a remand and subsequent decision by this court would aid the Court of Appeals in reaching its decision. *See Ret. Bd. of Policemen's Annuity & Ben. Fund*, 297 F.R.D. 218 at 222. Rather, the Kelly Defendants are simply asking this Court to decide the question on appeal by dismissing the complaint for lack of jurisdiction. (Dkt. No. 144 at 10.) Second, the Court cannot conclude that an indicative ruling would "obviate the need for appeal." *Id*. at 222. Even if the Court of Appeals were to remand the case, any subsequent ruling by this Court would likely be appealed. As a result, an indicative ruling could "have the potential for spawning future appeals." *Id*. 223.

Nor is the Court particularly sympathetic to the Kelly Defendant's current position.

While the Kelly Defendants now argue that the Court should issue an indicative ruling and not "perpetuate a purposeless stay," they have also vigorously argued that their interlocutory appeal divested the Court of jurisdiction to adjudicate the case. (*Compare* Dkt. No. 151, *with* Dkt. Nos. 98, 102, 125.) They have continually resisted Plaintiffs' discovery requests on those grounds, going as far as to not attend scheduled depositions. (*See* Dkt. Nos. 125, 127.) The Court will not allow the Kelly Defendants to wield their interlocutory appeal as both a sword and shield, using it for whatever litigation position is most expedient.

The Court therefore DENIES the Kelly Defendants' motion for an indicative ruling (Dkt. No. 144). The Court will defer ruling on the motion until the Court of Appeals has issued its order. Moreover, the Court concludes that it is appropriate to continue its stay of proceedings. When "it is efficient for its own docket and the fairest course for the parties [is] a stay of an action before it," the district court may do so "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (internal quotations omitted). The Court concludes that a continued stay of proceedings would avoid piecemeal litigation and conserve judicial resources without unduly prejudicing the parties.

## III. CONCLUSION

In accordance with the above ruling, the Court ORDERS as follows:

(1) Defendants' motion for an indicative ruling (Dkt. No. 144) is DENIED.

(2) The Kelly Defendants shall notify the Clerk for the Ninth Circuit Court of Appeals that their motion for indicative ruling (Dkt. No. 144) has been DENIED.

(3) All proceedings in this case are STAYED pending the Court of Appeals' order in *Rabang v. Kelly*, No. 17-35427 (9th Cir. Mar. 9, 2018).

(4) The parties shall file a joint status report informing the Court when the Court of Appeals has issued its order.

(5) The Clerk is DIRECTED to terminate all pending case management dates, including

1 pending motions and trial dates.

2 (6) When the Court lifts its stay, the parties may re-note any pending motions before the
3 Court.

4 DATED this 11th day of April 2018.

*[Signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE