**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARGRETTY RABANG; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ROBERT KELLY, Jr.; et al., <br><br> Defendants-Appellees. | No. 18-35711 <br><br> D.C. No. 2:17-cv-00088-JCC <br> Western District of Washington, Seattle <br><br> MEMORANDUM[*] |

On Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted June 7, 2019
Submission withdrawn June 13, 2019
Resubmitted May 3, 2021
Seattle, Washington

Before: BEA and NGUYEN, Circuit Judges, and MÁRQUEZ,[**] District Judge.

Margretty Rabang and others (collectively, "Rabang") allege that members of the Nooksack Indian Tribal Council and other tribal officials acted unlawfully in disenrolling hundreds of tribal members in order to deprive them of money,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

property, and benefits in violation of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO").  In response to actions by tribal officials, the U.S. Department of the Interior ("DOI") refused to recognize actions taken by the tribal government until a lawful special election was held.  The Nooksack Indian Tribe subsequently conducted elections for the Tribal Council, and the DOI recognized the results of those elections.  The newly elected Tribal Council passed a resolution adopting certain actions taken by the prior Tribal Council that Rabang challenges in this lawsuit.

Ordinarily, "tribal court exhaustion" is "a prerequisite to a federal court's exercise of its jurisdiction."  *Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1200 (9th Cir. 2013).  But tribal exhaustion is not required when "exhaustion would be futile because of the lack of adequate opportunity to challenge the [tribal] court's jurisdiction."  *Id.* (quotation omitted).  The district court determined that under this exception, it had jurisdiction over Rabang's claims during the period that DOI refused to recognize actions taken by the Nooksack tribal government.  After DOI recognized the newly elected Tribal Council, the district court sua sponte dismissed the case on the ground that it now lacked subject matter jurisdiction over Rabang's RICO claims.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Resolution of Rabang's RICO claims requires consideration of the alleged

2

predicate acts, which all center on the allegedly unlawful disenrollment of hundreds of members of the Nooksack Indian Tribe.  But "[t]ribal enrollment decisions are generally beyond the power of federal courts to review." *Aguayo v. Jewell*, 827 F.3d 1213, 1222 (9th Cir. 2016); *see also Lewis v. Norton*, 424 F.3d 959, 960 (9th Cir. 2005) (noting a "lack of federal court jurisdiction to intervene in tribal membership disputes").  The district court therefore properly dismissed the case for lack of jurisdiction.

Because the Nooksack Indian Tribe has a full tribal government that has been recognized by the DOI, *see Roberts v. U.S. Dep't of the Interior*, No. 19-35743, ECF 47 at 5 (March 10, 2021) (holding that DOI recognition of new Tribal Council was not arbitrary and capricious),[1] Rabang's case no longer falls under the futility exception to the tribal exhaustion requirement, which "applies narrowly to only the most extreme cases."  *See Grand Canyon Skywalk Dev.*, 715 F.3d at 1203.[2]

**AFFIRMED.**

---

[1] Appellees' motion to strike Rabang's notice of filings in *Roberts v. U.S. Dep't of the Interior*, No. 19-3574 [Dkt. 43] is denied as moot.

[2] Because we affirm the district court's determination that it lacked subject matter jurisdiction over Rabang's entire case, we need not reach the remaining arguments on appeal.